BLANK ROME LLP
Attorneys for Plaintiffs
405 Lexington Avenue
New York, New York 10174-0208
(212) 885-5000
John D. Kimball (JK 2005)

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK



| | | |
|---|---|---|
| BANK OF AMERICA MEXICO, S.A., INSTITUCIÓN DE BANCA MÚLTIPLE, GRUPO FINANCIERO BANK OF AMERICA | ) ) ) ) | **COMPLAINT** |
| and | ) ) | **Judge Hellerstein** |
| MARINE CREDIT & LEASING, INC., | ) ) | **07 CIV  4054** |
| Plaintiffs, | ) ) | Civil Action No. _____ |
| v. | ) ) | |
| TRANSPORTACIÓN MARÍTIMA MEXICANA, S.A. DE C.V. (FORMERLY NAVIERA DEL PACIFICO, S.A. DE C.V.) | ) ) ) ) | |
| and | ) ) | |
| GRUPO TMM, S.A.B. (FORMERLY GRUPO TMM, S.A. DE C.V.), | ) ) ) | |
| Defendants. | ) ) | |

Plaintiffs Bank of America Mexico, S.A., Institución de Banca Múltiple, Grupo

Financiero Bank of America ("Owner Trustee"), as owner trustee, and Marine Credit & Leasing,

Inc. ("Marine"), by undersigned counsel, as and for their complaint against Defendants state as

follows:

**Jurisdiction and Venue**

1.      This court has jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1333 and Rule 9(h) of the Federal Rules of Civil Procedure.

2.      Venue is proper in this District and this court has personal jurisdiction over (a) Defendant Transportación Máritima Mexicana S.A. de C.V. (formerly Naviera del Pacifico, S.A. de C.V.) (hereinafter called "Charterer") pursuant to Article 19.8 of the Montealban Bareboat Charter Party, dated as of December 6, 1994, between Charterer and Owner Trustee, as amended from time-to-time through the date of this action (the "Charter Party") and (b) Grupo TMM, S.A.B. (formerly Grupo TMM, S.A. de C.V.) (hereinafter called "Guarantor") pursuant to Section 13(f) of the Montealban Guarantee, dated as of December 6, 1994, from Guarantor in favor of, inter alia, Owner Trustee and Marine and other beneficiaries named therein, as amended from time-to-time through the date of this action (the "Guarantee").

**Parties**

3.      Owner Trustee is a banking corporation formed under the laws of and has its principal place of business in Mexico. Owner Trustee is the trustee of the trust which owns the vessel MONTE ALBAN (the "Vessel") that is the subject of this action.

4.      Marine is a corporation formed under the laws of the State of Delaware with its principal place of business in the State of Connecticut. Marine is a subsidiary of General Electric Company. Marine is the beneficiary of the trust which owns the Vessel.

5.      Charterer is a corporation formed under the laws of and has its principal place of business in Mexico.

6.      Guarantor is a corporation formed under the laws of and has its principal place of business in Mexico.

- 2 -

## The Basic Facts

7.      Owner Trustee and Charterer are parties to, and this matter arises out of, the Charter Party.  Owner Trustee, Marine and Guarantor are parties to, and this matter also arises out of, the Guarantee.  Owner Trustee and Marine are beneficiaries under the Guarantee.

8.      Pursuant to the Charter Party, Charterer chartered the Vessel from Owner Trustee and promised and agreed to pay Owner Trustee, for the benefit of Marine, periodic Basic Hire and/or Supplemental Hire (individually and/or collectively, the "Hire") for Charterer's operation and use of the Vessel.

9.      Pursuant to the Charter Party, Charterer owed Owner Trustee, for the benefit of Marine, Hire of $1,061,440.08 which was due and payable on March 6, 2007 (the "March 6, 2007 Hire").

10.     Charterer failed to pay the March 6, 2007 Hire as and when due.  As a consequence of Charterer's failure to pay Hire as and when due, Owner Trustee notified Charterer on May 16, 2007 that it had terminated the Charter.  Charterer then made payment on or about May 17, 2007, by which time Owner Trustee had already terminated the Charter.

11.     Article XIV of the Charter defines an "Event of Default" as and to include, *inter alia*, the following:

> (a)     the Charterer shall fail to make any payment of Basic Hire or
>          Supplemental Hire on the date the same shall become due.

Article XIV does not provide for or allow a cure or remedy period for an Event of Default under this subpart (a).

12.     In failing to pay the March 6, 2007 Hire, Charterer committed an Event of Default under and a material breach of the Charter Party.

13.     Owner Trustee gave a Notice of Default to Charterer dated March 19, 2007 (the "Notice of Default").

- 3 -

14.     Notwithstanding Charterer's obligation to pay the March 6, 2007 Hire under the Charter Party and notwithstanding its receipt of the Notice of Default, Charterer failed and refused to pay the March 6, 2007 Hire.

15.     Pursuant to the Guarantee, Guarantor guaranteed, promised and agreed to pay the Hire when due under the Charter Party.

16.     Owner Trustee furnished a Demand Letter dated March 19, 2007 to Guarantor (the "Guarantee Demand").

17.     Notwithstanding Guarantor's obligation to pay the March 6, 2007 Hire under the Guarantee and notwithstanding its receipt of the Guarantee Demand, Guarantor failed and refused to pay the March 6, 2007 Hire.

18.     Article XV of the Charter Party, entitled "<u>Action Following an Event of Default</u>," provides, *inter alia*, as follows:

> Upon the occurrence of an Event of Default and at any time thereafter so long as the same shall be continuing, the Owner Trustee may, at its option, declare this Charter to be in default; and at any time thereafter, so long as the Charterer shall not have remedied all outstanding Events of Default, the Owner Trustee may do, and the Charterer shall comply with, one or more of the following, as the Owner Trustee in its sole discretion shall so elect, to the extent permitted by, and subject to compliance with, any mandatory requirements of any Applicable law then in effect:
>
> (a) <u>Redelivery and Retaking</u>. Upon written demand, the Owner Trustee may cause the Charterer at the Charterer's cost and expense to, and the Charterer hereby agrees that it will, promptly redeliver the Vessel, or cause the Vessel to be redelivered, to the Owner Trustee with all reasonable dispatch and in the same manner and in the same condition as if the Vessel were being redelivered at the expiration of the Charter Period in accordance with all the provisions of Article IV and all obligations of the Charterer under such Article shall apply to such redelivery;
>
>           ****
>
> (e) <u>Other Remedies</u>. The Owner Trustee may exercise any other right or remedy, not inconsistent with the foregoing, that may be available to it under Applicable Law, in equity or admiralty, or proceed by appropriate court action to enforce the terms of this Charter or to recover damages for the breach hereof or to rescind this Charter.
>
>           ****

- 4 -

In addition, the Charterer shall be liable, on an After-Tax basis, for any and all Supplemental Hire payable hereunder before, during, or after the exercise of any of the foregoing remedies, which Supplemental Hire shall include all reasonable legal fees and other costs and expenses incurred by the Owner Trustee by reason of the occurrence of any Event of Default or by reason of the exercise by the Owner Trustee of any remedy hereunder, including any costs and expenses incurred by the Owner Trustee in connection with any retaking of the Vessel or, upon redelivery or retaking of the Vessel in accordance with this Article XV, the placing of the Vessel in the condition of seaworthiness required by the terms of Articles VI and VII. Except as specifically provided herein, no remedy referred to in this Article XV is intended to be exclusive, but each shall be cumulative, and is in addition to, and may be exercised concurrently with, any other remedy which is referred to in this Article XV or which may otherwise be available at law, in equity or in admiralty. ... No express or implied waiver by the Owner Trustee of any Default or Event of Default shall in any way be, or be construed to be, a waiver of any further or subsequent Default or Event of Default.

19.     As a consequence of Charter's commission of an Event of Default under and material breach of the Charter Party, Owner Trustee demanded that Charterer promptly redeliver the Vessel to Owner Trustee at the place provided for and in accordance with the provisions of Article XV. In wrongful violation of Owner Trustee's demand, Charterer failed to make redelivery of the Vessel as required by the Charter.

20.     By reason of Charterer's and Guarantor's breaches of their obligations under the Charter Party and Guarantee and their continuing failure to comply with their obligations, Owner Trustee and Marine have suffered irreparable harm.

## FIRST CAUSE OF ACTION
### (Breach of Contract Against the Charterer)

21.     Plaintiffs replead and incorporate by reference, as if fully set out, paragraphs 1 through 20 above.

22.     By failing and refusing to pay the March 6, 2007 Hire when and as due under the Charter, Charterer committed a material breach of the Charter Party.

23.     Charterer's breach of the Charter Party harmed and continues to harm Plaintiffs.

900200.00001/6545920v.1

24.    As a consequence of Charterer's breach of the Charter Party, Plaintiffs are entitled to an award of damages and other monetary relief against the Charterer, together with interest.

### SECOND CAUSE OF ACTION
### (Breach of Contract Against the Guarantor)

25.    Plaintiffs replead and incorporate by reference, as if fully set out, paragraphs 1 through 20 and 22 through 24 above.

26.    By failing and refusing to pay the March 6, 2007 Hire when and as due, Guarantor committed a material breach of the Guarantee.

27.    Guarantor's breach of the Guarantee harmed and continues to harm Plaintiffs.

28.    As a consequence of Guarantor's breach of the Guarantee, Plaintiffs are entitled to an award of damages and other monetary relief against the Guarantor, together with interest.

### THIRD CAUSE OF ACTION
### (Specific Performance Against the Charterer)

29.    Plaintiffs replead and incorporate by reference, as if fully set out, paragraphs 1 through 20, 22-24 and 26-28 above.

30.    By reason of Charterer's default under Article XV of the Charter Party, in addition to payment of Hire and other amounts, Owner Trustee is entitled to the immediate redelivery of the Vessel.

31.    Plaintiff's are entitled to a judgment awarding it specific performance of Charterer's obligations under the Charter Party and directing Charterer to immediately redeliver the Vessel to Owner Trustee at the place provided for and in accordance with Article XV of the Charter Party.

### FOURTH CAUSE OF ACTION
### (Injunction Against the Charterer and the Guarantor)

32.    Plaintiffs replead and incorporate by reference, as if fully set out, paragraphs 1 through 20, 22-24, 26-28 and 30-31 above.

- 6 -

33.     As a consequence of Charterer's breach of the Charter Party, Plaintiffs have suffered irreparable harm and are entitled to an injunction, *inter alia*, ordering Charterer to redeliver the Vessel in accordance with the provisions of Article XV of the Charter Party and to otherwise comply with its obligations under the Charter Party.

34.     As a consequence of Guarantor's breach of the Guarantee, Plaintiffs have suffered irreparable harm and are entitled to an injunction, *inter alia*, ordering Guarantor to cooperate in, aid, facilitate and not interfere with Charterer's redelivery of the Vessel in accordance with the provisions of Article XV of the Charter Party and otherwise to comply with the Guarantee and the Charter Party.

## RELIEF REQUESTED

WHEREFORE, Plaintiffs respectfully pray for the following relief:

1.     Judgment awarding them compensatory damages against Defendants, together with interest and costs plus such additional amounts for which Charterer and Guarantor may be liable;

2.     Preliminary and permanent injunctions ordering Charterer to redeliver to Owner Trustee the Vessel at the place provided for and in accordance with the Charter Party;

3.     Preliminary and permanent injunctions ordering Guarantor to cooperate with, aid, facilitate and not interfere with Charterer's redelivery of the Vessel to Owner Trustee in accordance with the Charter Party;

4.     Judgment awarding them specific performance of the Charter Party and directing Charterer and Guarantor to redeliver the Vessel at the place provided for and in accordance with the Charter Party;

5.     An award of pre- and post-judgment interest against Defendants on all monetary awards;

6.    Judgment awarding them costs and expenses, including legal fees, incurred in connection with the conduct complained of in this action and in connection with this action;

7.    Such other and further relief, in law, in equity and in admiralty, to which Plaintiffs may be entitled.

Dated: May 23, 2007

Respectfully submitted,

BLANK ROME LLP
Attorneys for Plaintiffs

John D. Kimball (JK 2005)
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
Ph: 212-885-5258
Fax: 917-332-3730
Email address: jkimball@blankrome.com

Of Counsel:

Harvey A. Levin
THOMPSON COBURN LLP
1909 K Street, N.W., Suite 600
Washington, DC 20006
Ph: 202-585-6942
Fax: 202-508-1013
Email address: hlevin@thompsoncoburn.com

- 8 -